NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8857

STARK COUNTY BAR ASSOCIATION *v.* BUTTACAVOLI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stark Cty. Bar Assn. v. Buttacavoli,* Slip Opinion No. 2017-Ohio-8857.]**

*Attorneys—Misconduct—Violations of the professional-conduct rules, including knowingly making a false statement of fact or law to a tribunal and committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness—Two year suspension, with 18 months stayed on conditions.*

(No. 2017-0227—Submitted April 5, 2017—Decided December 7, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-013.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Glen F. Buttacavoli, of Massillon, Ohio, Attorney Registration No. 0024132, was admitted to the practice of law in Ohio in 1984.  In

2002, we found that he had failed to fully disclose to his clients his financial interest in investment recommendations that he made while acting as both their lawyer and their financial planner and we sanctioned him with a conditionally stayed six-month suspension. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818.

{¶ 2} In 2016, relator, Stark County Bar Association, charged him with making false statements relating to his clients' financial information while representing them in the Medicaid application process. Buttacavoli stipulated to some of the charges against him. After a hearing, the Board of Professional Conduct issued a report finding that he had engaged in some of the charged misconduct and recommending that we impose a two-year suspension with 18 months conditionally stayed and require him to make restitution to two of his former clients before seeking reinstatement. Neither party has objected to the board's report and recommendation.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and its recommended sanction.

**Misconduct**

*Misrepresentations during the Medicaid application process*

{¶ 4} According to the parties' stipulations, a significant portion of Buttacavoli's practice is providing financial-planning advice to elderly clients, with the purpose of ensuring their eligibility to receive long-term-care benefits under Medicaid. The board found that he had engaged in professional misconduct with regard to two such client matters.

{¶ 5} First, in 2013 and 2014, Buttacavoli assisted Marquerite A. Marchant in transferring assets to family members, including gifting her life-estate interest in real property to her children, gifting the ownership of life-insurance policies to her daughter, and transferring stock ownership to her daughter effective upon Marchant's death. In May 2014, Buttacavoli applied for Medicaid assistance on

Marchant's behalf, and the following month, the Stark County Department of Job and Family Services interviewed him as her representative. During that interview, he falsely stated that Marchant had not transferred, sold, or given away any resources within the previous five years. He also signed a statement attesting that the representations he made during the interview were truthful. During his disciplinary proceedings, Buttacavoli admitted that his representations to the agency were false, that he was required by law to disclose all prior transfers, and that he had made the misrepresentations for the purpose of inducing the agency to find that his client qualified for Medicaid benefits.

{¶ 6} Upon investigation, the Stark County Department of Job and Family Services discovered the life-estate interest that Marchant had gifted to her children and determined that the transfer should have been disclosed. In April 2015, the department notified Buttacavoli that because of this error, Marchant received $8,640 more in Medicaid benefits than she was eligible to receive and that he, as her authorized representative, was responsible for repaying the amount overpaid. Buttacavoli issued a check for the repayment about four months later—after relator notified him that a grievance had been filed against him and that relator had reported his conduct to the county prosecuting attorney's office.

{¶ 7} In September 2015, Buttacavoli pled guilty to a first-degree misdemeanor charge of falsification under R.C. 2921.13(A)(4), which prohibits a person from knowingly making a false statement with the purpose of securing a benefit administered by a governmental agency. The Stark County Court of Common Pleas ordered him to serve a 180-day suspended sentence and pay a $500 fine and court costs.

{¶ 8} The second client matter involved Sally Daywalt, whom Buttacavoli represented around the same time that he represented Marchant. Similar to what he had done in the Marchant matter, Buttacavoli assisted Daywalt with gifting her life-estate interest in real property to her children and then later failed to disclose

that transfer when seeking Medicaid benefits on Daywalt's behalf. The Stark County Department of Job and Family Services later discovered the life-estate-interest transfer and restricted Daywalt's coverage.

{¶ 9} Based on this conduct, the board found that in both client matters, Buttacavoli violated Prof.Cond.R. 3.3(a) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 10} We adopt these findings of misconduct.

*Failure to advise clients about the possibility of a refund*

{¶ 11} Buttacavoli stipulated that in the Marchant matter, the Daywalt matter, and a third client matter, he charged a fixed, nonrefundable fee but did not also advise his clients that they would be entitled to a refund of all or a portion of that fee if he failed to complete the representation. The board found that he therefore committed three violations of Prof.Cond.R. 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "nonrefundable" without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation).

{¶ 12} We adopt these findings of misconduct. We also dismiss any remaining charges against Buttacavoli that were not expressly dismissed during the board proceedings.

**Sanction**

{¶ 13} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

4

*Aggravating and mitigating factors*

**{¶ 14}** The board found the following aggravating factors: prior disciplinary offenses, a pattern of misconduct, multiple offenses, and failure to make restitution. *See* Gov.Bar R. V(13)(B)(1), (3), (4), and (9). Indeed, Buttacavoli admitted that he had charged Marchant $6,800 and Daywalt $5,500 to represent them in the Medicaid application process and that he had failed to complete the representations or to refund their money.

**{¶ 15}** In mitigation, the board found that Buttacavoli had made full and free disclosures to the board and had had a cooperative attitude toward the disciplinary proceedings, he had presented evidence of good character and reputation, and he had been subjected to other penalties or sanctions—namely, the misdemeanor conviction and the penalties associated with the conviction. *See* Gov.Bar R. V(13)(C)(4), (5), and (6).

*Applicable precedent*

**{¶ 16}** To support its recommended sanction, the board relied on *Toledo Bar Assn. v. DeMarco*, 144 Ohio St.3d 248, 2015-Ohio-4549, 41 N.E.3d 1237, and *Cincinnati Bar Assn. v. Farrell*, 119 Ohio St.2d 529, 2008-Ohio-4540, 895 N.E.2d 800. Both cases recognize our precedent that an attorney's course of conduct involving dishonesty usually warrants an actual suspension from the practice of law. *DeMarco* at ¶ 12; *Farrell* at ¶ 19-21.

**{¶ 17}** *In DeMarco*, an attorney made a series of false statements directly to a court about his possession of discovery materials. Specifically, he repeatedly represented to the court that he had never had the materials when, in fact, he had had them at one time. During one court proceeding, a witness truthfully testified that he had given the materials to the attorney and the attorney responded by threatening to take the witness "outside." *Id.* at ¶ 6, 14. Despite the egregious facts, we found that the attorney's misconduct was an aberration in an otherwise

unblemished 45-year legal career and imposed a one-year suspension with six months conditionally stayed. *Id.* at ¶ 14-16.

{¶ 18} In *Farrell*, an attorney had forged his wife's signature on a power of attorney, lied to another attorney to secure notarization of the power of attorney, used the forged document to obtain a line of credit, and fabricated numerous other documents—including letters purportedly from a bank and the United States Postal Service—to cover up his deceit. Given the attorney's "web of deception," we suspended him for two years but stayed the second year on conditions. *Id.* at ¶ 17, 23.

{¶ 19} Buttacavoli's misconduct here is more similar to the misconduct in *DeMarco* than in *Farrell*. However, unlike the attorney in *DeMarco*, Buttacavoli has been disciplined before. We therefore agree with the board that the appropriate sanction here lies between the sanctions that we imposed in *DeMarco* and *Farrell*.

## Conclusion

{¶ 20} Having considered Buttacavoli's misconduct, the applicable mitigating and aggravating factors, and the sanctions imposed for similar misconduct, we adopt the board's recommended sanction. Glen F. Buttacavoli is suspended from the practice of law in Ohio for two years with 18 months stayed on the conditions that he engage in no further misconduct and pay the costs of these proceedings. If Buttacavoli fails to comply with the conditions of the stay, the stay will be lifted and he will serve the full two-year suspension. Buttacavoli's reinstatement is conditioned upon his providing proof that he made restitution to Marchant in the amount of $6,800 and to Daywalt, by issuing payment to her son, Robert Venables, in the amount of $5,500.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Richard S. Milligan, Bar Counsel, and James M. Conley, for relator.

Robert H. Cyperski, for respondent.

_____